WILLIAMSON v. GASQUE.

A sum of money assessed in lieu of dower does not constitute a specific lien upon the land in the possession of an alienee, but only a judgment taking rank as such; but if the sum so assessed be not in fact paid, the widow still has her right of dower in the land itself.

Before HUDSON, J., Marion, July, 1885.

The opinion states the case. The Circuit decree was as follows:

Emily Williamson brought this action against W. E. Gasque, who is in possession of a tract of land of which the husband of the demandant was, in his life-time, seized in fee, but which he aliened, the purpose of the action being to recover her dower. In the action in the Court of Probate, the judge decreed dower to the demandant, and issued his writ to have the same admeasured. The commissioners, in their return, recommended and assessed a sum of money in lieu of dower, and this return was confirmed by the judge of probate, who, instead of entering up judgment and issuing execution to enforce the same, proceeded to order the land to be sold, and directed the proceeds to be applied in the first instance to the payment of dower and costs, and the balance to be paid to the owner of the land, &c. The appeal is from this order as being irregular.

There are, it is said, existing liens on this land, a mortgage, and perhaps liens by judgment, and these should first be paid from the proceeds; at all events, the question is argued before me on that assumption, and the appellant contends, that to en-.

force the payment of the sum assessed in lieu of dower, these proceedings can only be by judgment and execution; and that the lien of such judgment will take rank from its date of entry, and will be postponed to older liens. In other words, that such a judgment for assessment in lieu of dower is not a specific and superior lien on the land, but only a general lien as other judgments, and takes rank in the same manner as other money judgments. This view of the matter is correct.

But it is said that in case of the insolvency of the respondent, by reason of older existing liens, the demandant in dower, to whom a sum of money is assessed in lieu thereof, would in this manner be often entirely defeated, and that such a construction of the law would work great hardship upon the widow. Not at all. The money is assessed to her in *lieu* of dower. If it is paid, the estate in dower in the land is extinguished; but if not paid, her estate is as before, and she can still demand admeasurement as before. Her dower is extinguished only by actual payment. Now, if she desires to *enforce payment* of the assessment, she can only do so by judgment and execution. If that fails, she can fall back upon the unsatisfied dower, and demand an admeasurement. She is in no worse condition than before. It is a mistake to suppose that a judgment for damages in an action for dower, or for a sum of money assessed in lieu of dower, is a specific lien upon the land, and is to be preferred to older liens. That it is not a specific lien is expressly decided in the case of *Bauskett* v. *Smith*, 2 *Rich.*, 164. No other doctrine than that of this case has ever been recognized in our State.

The appeal is sustained, and the order of the Court of Probate directing a sale of this land is set aside, and it is so ordered, adjudged, and decreed. The case is remanded to that court with leave to the demandant, if she so desire, and if it be a fact that she cannot recover her money by judgment and execution, to renew her demand for the admeasurement of her dower in and out of the land.

*Messrs. Johnson & Johnson*, for appellant.

*Mr. C. A. Woods*, contra.

January 5, 1886.   The opinion of the court was delivered by
MR. JUSTICE McGOWAN.   Joseph Williamson departed this life
in 1883, seized and possessed of a tract of land containing 333⅓
acres.   In some way not explained the land was afterwards bought
by the wife of the defendant, W. E. Gasque, and they went into
the possession.   The wife died, leaving the land in possession of
W. E. Gasque, which was admitted to be subject to the lien of a
mortgage.   The plaintiff, Emily Williamson, widow of Joseph
Williamson, petitioned the Probate Court for dower in the said
premises, making W. E. Gasque, who was in possession, the
defendant.   The probate judge issued a writ for the admeasure-
ment of the dower.   The commissioners made return, assessing
in lieu of dower in the land, the sum of $85, with interest there-
on from May 2, 1883.   The return was confirmed, and the said
amount ordered to be paid by W. E. Gasque, as well as the costs
of the case, $55.50.

Afterwards, the judgment and costs not being paid, the pro-
bate judge ordered as follows: "Whereas the commissioners, to
whom a writ for the admeasurement of dower in the case was
directed, made their return, which by order of this court was con-
firmed, and by the same the defendant was required to pay the
petitioner herein the sum of $85, with interest, &c.; and whereas
the defendant, W. E. Gasque, has failed and neglected to pay the
sum so assessed in lieu of dower, and the costs taxed as afore-
said; now, therefore, it is ordered that the lands mentioned in
the petition and writ be sold on Monday, March 2, 1885, or on
some convenient salesday thereafter, before the court house door
at Marion in said State, within the legal sale hours, for cash, after
due advertisement.   Ordered further, that out of the proceeds of
sale the sum of eighty-five dollars, with interest thereon, &c.,
together with the costs of sale, be paid to the parties entitled
thereto, &c.   Ordered further, that any surplus remaining after
the payment of the said sum and costs, be paid to the legal own-
er or owners of the said lands, who shall apply for and establish
his or her rights to the same."

From this judgment of the Probate Court the defendant,
Gasque, appealed to the Court of Common Pleas, and Judge
Hudson reversed the judgment and set aside the order directing

a sale of the land, and remanded the case to the Probate Court, "with leave to the demandant, if she so desire, and it be a fact that she cannot recover her money by judgment and execution, to renew her demand for the admeasurement of her dower in and out of the land." From this judgment the plaintiff, Mrs. Williamson, appeals to this court, upon the following grounds:

"1. Because his honor erred in holding that the payment of the assessment of the commissioners could only be enforced by judgment and execution.

"2. Because his honor erred in holding that a judgment for damages in an action for dower, or for a sum of money assessed in lieu of dower, is not a specific lien upon the land, and to be preferred to older liens.

"3. Because his honor erred in holding that the order of the judge of probate was irregular and void.

"4. Because his honor erred in holding that if the payment of the sum of money assessed for dower could not be enforced by judgment and execution against the property of the defendant, the only remedy for the demandant would be to renew her demand for the admeasurement of dower in and out of the land, which she might do indefinitely, under the forms of law, without securing her dower."

It is true that dower at common law is a right of the widow to have the use for life of one-third of the lands of which her husband was seized during the coverture. This right is in the land itself wherever it may be found; but our statute upon the subject has enlarged somewhat the manner of enforcing it, by providing that, "when the same [land] cannot, in the opinion of a majority of the commissioners, be fairly and equally divided without manifest disadvantage, then they, or a majority of them, shall assess a sum of money to be paid to the widow in lieu of her dower, by the heir at law or such other person or persons who may be in possession of said land," &c. *Gen. Stat.*, § 2288. As dower proper is an interest in the land itself, it would seem that "the sum assessed in lieu of dower" should also adhere to the land, and accordingly it has been held that, when the claim is set up against the estate of the deceased husband, the assessment, in marshalling the assets, must be considered in the nature of a

charge to the extent of one-third upon the lands, to the relief of
the personalty. See *Stock* v. *Parker et al.*, 2 *McCord Ch.*, 375;
*Witherspoon* v. *Watts*, 18 *S. C.*, 396. The view was clearly
expressed by Chancellor Johnson in the case of *Stock* v. *Parker, supra*, as follows: "The right of dower consists of a pro-
perty in the soil itself, and although the act of the legislature
regulating the admeasurement has, under particular circumstances,
authorized the substitution or assessment of a sum of money in
lieu of it, yet the character of the right is unchanged, and it
operates as a charge upon the land itself, and not upon the gen-
eral funds of the estate," &c.

But we do not think it necessarily follows that the assessment
constitutes a specific lien upon the land, which may be enforced
by selling it, where the land has been alienated, and the claim is
made against one in possession, who is neither heir nor devisee
of the deceased husband, and who may have placed encumbrances
upon the land before the assessment was made or even the right
of dower had accrued. The statute authorizing the assessment
as a substitute for dower certainly does not expressly give it any
such specific lien, nor indeed any special means for its enforce-
ment; but, on the contrary, simply characterizes it as "a sum of
money to be paid to the widow in lieu of her dower." We know of
no principle which would allow the court to supplement the act
by giving the assessment any higher force than that which arises
from its being reduced to judgment against the person who hap-
pens to be in possession of the land. The act seems to assume
that the sum of money assessed would be "paid to the widow in
lieu of her dower," and until that is done the substitute contem-
plated has not been given or accepted, and the right to dower, not
having been extinguished, still exists. As was said in the case of
*Bauskett* v. *Smith*, 2 *Rich.*, 167: "In any view the assessment
is to be *in lieu* of dower. That is, when it is paid it is in dis-
charge of the claim of dower. There may be cases in which the
heir at law or purchaser, being insolvent, could not pay the sum
assessed. In such case the widow would have a clear right to
fall back on her absolute right in the land, which can neither be
defeated by the alienation of the husband nor by the insolvency
of the purchaser. She would have the option to take the per-

sonal obligation of the party, and might sue on it and recover judgment; but if she were to do so, she would have to stand on the footing of all other judgment creditors *quoad* her judgment," &c.

The judgment of this court is that the judgment of the Circuit Court be affirmed.